IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CR-881  JAR |
| | ) |
| MICHAEL SAFFOLD | ) |
| | ) |
| Defendant. | ) |

## MICHAEL SAFFOLD'S SENTENCING MEMORANDUM

Mr. Saffold, through counsel, hereby respectfully requests a downward variance on Count 1, based upon the 18 U.S.C. § 3553(a) factors. In support, the defendant states the following:

1. **Lack of Youthful Guidance:** ███ ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ He eventually reunited with his father and his stepmother, but as a very young child, Mr. Saffold did not have a permanent home. Both of his parents were absent from his life.

1

2. **Drug or Alcohol Dependence:** ███████████████████████

   ████████████████████████████████████████████

   ████████████████████████████████████████████

   ██████████████████████████████████████ Though Mr. Saffold says it does not excuse his behavior, he now recognizes that the desperation and financial troubles caused by his addiction contributed to his criminal history and the instant offense.

3. **Remorse:** Mr. Saffold is sincerely contrite about his behavior. As soon as he committed the instant offense, he realized the harm he caused and felt intense remorse. He knew he was going to be arrested when he visited his parole officer, but he went willingly because he wanted to turn himself in peacefully and voluntarily.

4. **COVID-19 & Pandemic Restrictions:** Mr. Saffold has been incarcerated in the St. Louis City Justice Center since September of 2019. In March of 2020, the COVID-19 pandemic caused unprecedented restrictions on visitation which greatly interfered with Mr. Saffold's ability to consult with undersigned counsel. This caused several months of delay as Mr. Saffold reviewed his discovery and considered his options to the best of his ability, without the usual level of access to counsel. By the summer of 2020, the jail, the courts, and counsel's office finally had procedures in place to facilitate regular contact with defendants via teleconference. ████████████████████████████████

   ████████████████████████████████████████████

2

███████████████████████████████████████████

████████████████████████ Recently, further complications with the pandemic and security at the St. Louis City Justice Center have interfered with undersigned counsel's ability to communicate with Mr. Saffold about his sentencing. All told, undersigned counsel estimates the COVID-19 pandemic likely contributed to a full year of delay that would not have occurred, but for the pandemic.

5. **18 U.S.C. § 3585:** This delay – which was entirely out of Mr. Saffold's control – is material to the sentencing decision in this case because of 18 U.S.C § 3585's instructions about how to calculate credit for the 16 months Mr. Saffold has already served in jail awaiting disposition. The statute requires that, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence."* 18 U.S.C. §3585(b)(emphasis added). Because the past 16 months that Mr. Saffold has spent in jail will be credited toward his Missouri parole case (1722-CR02122-01), the Bureau of Prisons will not give Mr. Saffold credit for this time toward his federal sentence. Indeed, unless this Court orders that the sentence shall commence on the date it is pronounced and shall run concurrently to the parole case, Mr. Saffold will likely not receive credit for any of the time he spends in jail until he is paroled to his federal sentence. Absent the COVID-19 pandemic, Mr. Saffold would have resolved his federal case much earlier, and he would have

3

already been transferred to the Missouri Department of Corrections and paroled to his federal sentence. Undersigned counsel concedes that this is conjecture, but it is the normal, expected procedure that would have been followed and has been followed in similar cases in this District, in undersigned counsel's experience.

6. **Unwarranted Sentencing Disparity:** Consequently, in addition to the factors listed in paragraphs 1 through 3, Mr. Saffold, respectfully requests a downward variance, to avoid an unwarranted sentencing disparity among similarly-situated defendants whose circumstances differ only by virtue of the COVID-19 pandemic.

7. As to Count 1, the defense requests a 16 month downward variance below the bottom of the United States Sentencing Guideline Range (i.e. 37 -46 months). This would result in a sentence of **21 months on Count 1**, and a **total sentence of 105 months imprisonment**. Defendant avers that such a sentence is sufficient, but not greater than necessary to meet the aims of punishment outlined in 18 U.S.C. § 3553(a)(2).

WHEREFORE, Mr. Saffold respectfully requests a sentence of 21 months on Count 1, and a total combined sentence of 105 months imprisonment. Mr. Saffold further requests the Court's order stating said sentence shall commence on the date it is pronounced and it shall run *concurrently* with the defendant's parole revocation case (1722-CR02122-01).

Respectfully submitted,

/s/Charles J. Banks
CHARLES J. BANKS, #60027MO
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Charles_Banks@fd.org

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021, the foregoing was filed electronically with the Clerk of the Court and served via e-mail upon Cassandra Jane Wiemken, Assistant United States Attorney.

/s/Charles J. Banks
CHARLES J. BANKS, #60027MO
Assistant Federal Public Defender